**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gabino GALVAN–PENA, also known
as Jesus Garcia, Defendant–
Appellant.**

**No. 05–40658
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of

---

**396**

Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Gabino Galvan–Pena (Galvan) challenges his guilty-plea conviction and sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Galvan's argument that his prior burglary conviction in Texas does not qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) is foreclosed. *See United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir. 2005), *cert. denied,* ——— U.S. ———, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006). Galvan's argument that this court did not properly apply the categorical analysis of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), is tantamount to arguing that *Garcia–Mendez* was wrongly decided. *Garcia–Mendez* resolved the issue raised in this case; one panel of this court may not ignore the precedent set by a prior panel. *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999). Because Galvan's conviction for burglary of a habitation was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) and provided a basis for the district court's 16–level enhancement of his offense level, this court need not address whether his prior robbery conviction in Texas was also a crime of violence under § 2L1.2(b)(1)(A)(ii).

Galvan also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Galvan contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* ——— U.S. ———, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Galvan properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.